# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2992

_____

Lexayra Lozano-Reyes

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States of America

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: August 6, 2018
Filed: August 16, 2018
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

     Lexayra Lozano-Reyes, a citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the decision of an immigration judge (IJ) that denied her asylum and withholding of removal.[1]

_____

[1]Lozano's brief does not meaningfully challenge the IJ's denial of relief under the Convention Against Torture; consequently she has waived review of this claim.

Lozano-Reyes claims that the BIA omitted key facts, mischaracterized the record, and failed to consider relevant evidence in its past-persecution analysis; and contends that this court should remand, pursuant to the "Chenery Doctrine,"[2] for the BIA to decide whether her alleged incidents, "in the aggregate" amounted to persecution. Lozano-Reyes's arguments are unavailing. See Malonga v. Holder, 621 F.3d 757, 764 (8th Cir. 2010) (where BIA essentially adopts IJ's decision, but also adds its own reasoning, this court reviews factual determinations of both decisions together under substantial-evidence standard, and reverses only if petitioner demonstrates that evidence compels contrary decision; BIA need not list every possible factor in decision and has no duty to provide critical explanation on every contention.)

Upon careful review, we conclude that substantial evidence supports the finding that Lozano-Reyes failed to show past persecution in Mexico, or a well-founded fear of future persecution there, due to any protected ground. See 8 U.S.C. § 1158(b)(1)(B)(i) (listing asylum grounds); Matul-Hernandez v. Holder, 685 F.3d 707, 711 (8th Cir. 2012) (applicant must show past persecution based on protected ground to create rebuttable presumption of future persecution, or may show objectively reasonable fear of particularized persecution in future due to protected ground). Having failed to satisfy her burden of proof for her asylum claim, Lozano-Reyes has necessarily failed to satisfy the more rigorous standard for withholding of removal. See Krasnopivtsev v. Ashcroft, 382 F.3d, 832, 840 (8th Cir. 2004). The judgment is affirmed. See 8th Cir. R. 47B.

_____

_____

See Chay-Velasquez v. Holder, 367 F.3d 751, 756 (8th Cir. 2004).

[2]See Secs. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947) (propriety of agency's action must be judged "solely by the grounds invoked by agency"; if stated grounds are inadequate or improper, court cannot affirm agency's action by substituting basis it considers to be more adequate or proper).